McGILLIVRAY, Appellant, vs. CREMER, imp., Respondent.

*April 5—May 2, 1905.*

*Appeal and error: Exception to findings of fact: Conclusiveness of finding: Contracts: Evidence: Materiality and relevancy: Res inter alios acta.*

1. Under sec. 3070, Stats. 1898, the authority of the supreme court to review findings of fact is limited to those duly excepted to, and hence a finding of fact, unexcepted to, that no contract was made between the parties to the action, is conclusive on the plaintiff's right of action.

2. Facts and circumstances merely evidentiary, bearing upon a conclusion of fact that the minds of the parties did not meet upon an alleged contract, are wholly immaterial to any question which can arise on appeal, in the absence of exception to that finding.

3. It is not error to exclude testimony that plaintiff had given certain instructions to his agent, in the absence of proof that such instructions had been brought to the knowledge of the defendant.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Affirmed.*

This action was originally commenced to foreclose a subcontractor's lien against the property of *Charles H. Cremer* for materials furnished to L. V. Huschka as principal contractor, with an additional cause of action stated in the complaint for recovery against *Cremer* on the ground that on

the 31st day of December, 1902, after the completion of the
building and payment therefor by him to Huschka, said
*Cremer,* in consideration that the plaintiff would not proceed
to enforce his lien and would extend the time of payment of
the sum due him, promised the plaintiff, in writing, that if
plaintiff would wait until the 10th or 15th day of January,.
1903, he would pay the balance due him for materials, and
that, relying upon said promise, the plaintiff did forego en-
forcement of his lien and waited until the 23d day of May,
1903, when $586.17 still remained unpaid and due for said
materials from Huschka. The only evidence of any promise·
from *Cremer* was a letter of December 31, 1902, asking
plaintiff to wait until January 10th or 15th for $500, and
balance shortly afterwards, but containing no promise to pay.
This was responded to by plaintiff, saying that he would wait,.
and would expect J. & C. Cremer to send him the remain-
der of his bill, at that time $1,043.21. Huschka had at the·
same time built identical houses for both John C. and
Charles Cremer, and John Cremer was in arrears in his pay-
ments in an amount not ascertained, but apparently enough.
to satisfy this balance due plaintiff. Considerable evidence·
was taken as to the information given defendant about plaint-
iff's claims and threats—especially whether he had any
knowledge whether plaintiff was purposing or threatening to
perfect a lien, as in fact he was, or whether he was merely
urging expedition in payment by Huschka; defendant claim-
ing that his letter was intended only as a request for exten-
sion of time to Huschka by reason of John Cremer's arrears·
in paying him. The court found, as a fact, that the defend-
ant *Cremer* never promised to pay the plaintiff this amount
in consideration of plaintiff's forbearing to file the lien.
That finding was not excepted to. Judgment was rendered
against the defendant Huschka for the amount claimed, but
dismissing the complaint as to the defendant *Cremer.* From;
the latter portion of the judgment plaintiff appeals.

For the appellant there was a brief by *Pope & Pope,* and oral argument by *Carl C. Pope.*

For the respondent there was a brief by *Masters & Graves,* and oral argument by *R. B. Graves.*

DODGE, J.    The finding of fact that no contract was made, being unexcepted to, is conclusive against the right of action here presented.    Our authority to review findings of fact is limited to those duly excepted to.    Sec. 3070, Stats. 1898. The various circumstances, such as conversations with Huschka and correspondence between appellant and respondent, the evidence as to knowledge or ignorance of plaintiff's purpose to claim a lien, as also of the situation of the parties, are all merely evidentiary, bearing upon the conclusion of fact as to whether the minds of the parties met upon a promise by *Cremer* to pay this balance; hence are wholly immaterial to any question which can arise here in the absence of exception to that finding.

Error is assigned because the court sustained objection to an offer to prove that plaintiff had given instructions to his agent to perfect a lien.    This was entirely *res inter alios acta,* and, in the absence of its being brought to the knowledge of the defendant *Cremer,* could have no possible relevancy to the issuable fact whether he did or did not make a promise to pay.

In this aspect, of course, the discussion as to the application of the statute of frauds to this, a promise to pay the debt of another, or as to estoppel of defendant to invoke that statute, needs no consideration.

*By the Court.*—Judgment affirmed.